**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| AARON HILL | § | |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00165 |
| | § | |
| THREE L., INC., | § | |
|     DEFENDANT | § | JURY DEMAND |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

**I. JURISDICTION AND VENUE**

1. This is a civil action against Defendant Three L., Inc., for damages in violation of rights guaranteed to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. in accordance with its provisions against race discrimination and retaliation. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of race discrimination and retaliation.

2. This is also a civil action against Defendant Three L., Inc., for damages in violation of rights guaranteed to Plaintiff under 42 U.S.C. §1981, §1981a regarding the right to make and enforce contracts and full and equal benefits under the statute. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of race discrimination, hostile work environment, and retaliation.

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. §1981, 28 U.S.C. §1343(a), 28 U.S.C. §1331, as amended and venue is proper pursuant to 28 U.S.C. §1391(b) for acts committed within this judicial district.

## II. PARTIES

4.      Aaron Hill, (hereinafter Plaintiff), a Black African-American male and former employee, was an individual employed by an employer as contemplated by Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e(a). Plaintiff was a resident of Corpus Christi, Nueces County, Texas at the time of the incident. Plaintiff is a citizen of the United States, and at all times relevant to this complaint was a resident of this division.

5.      Defendant, Three L., Inc., is a corporation organized and registered to do business under the laws of the State of Texas and doing business in Harris County, Texas and is an employer as contemplated under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e(b). This entity is identified as Plaintiff's employer on his pay stub issued to him because of the employment made the basis of this lawsuit and this entity is being sued as Plaintiff's employer in this lawsuit. Service of process may be served upon Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

## III.  ADMINISTRATIVE PROCESS

6.      On or about February 16, 2022, Plaintiff filed his initial written charge of discrimination on the basis of race, age, and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC).

7.      Following its investigation, the U.S. Equal Employment Opportunity Commission issued and sent a Determination and Notice of Rights, dated February 24, 2023, to Plaintiff, which he subsequently received.

8.     On May 16, 2023, Plaintiff requested the Notice of Right to Sue from the Texas Workforce Commission Civil Rights Division (TWCCRD), which was issued to Plaintiff by the TWCCRD on July 19, 2023, which he subsequently received.

9.     Plaintiff has exhausted his administrative remedies with EEOC and TWCCRD and has timely filed this action.

## IV. FACTS

10.    On or about January 1, 2021, Plaintiff, Aaron T. Hill, was hired by Three L., Inc., (hereinafter Three L.,) as a fuel truck driver and paid $21.58 an hour, along with benefits, including medical and dental coverage. When Plaintiff was first employed by Three L., he was assigned to work at various locations. Even so, as a fuel truck driver, Plaintiff reported to Justin Garza, Operations Manager, as his immediate supervisor.

11.    Three L., operates in the state of Texas providing petroleum distribution and lubricant consulting to its clients, while offering various products from gasoline, diesel fuel, and other fuel and refueled products, to trucking industries. As a fuel truck driver, Plaintiff's "responsibilities included the transportation of fuel and related products to various destinations within company and industry safety procedures and standards."

12.    Within several months after working for Three L., the terms and conditions of Plaintiff's employment there became hostile when Plaintiff was subjected to racial harassment when his supervisor and other co-workers directed racial and offensive comments to Plaintiff. For example, on or about June 23, 2021, Plaintiff contacted his supervisor Mr. Garza for some guidance regarding a hose that burst open. In response, Mr. Garza told Plaintiff to "nigger-rig it." Several days later, on or about June 26, 2021, while referring to Plaintiff, Plaintiff heard Mr. Garza unabashedly announce to other Three L., employees, "That's my nigga." On this same

date, Mr. Garza was talking to his cousin, Eric, and he said, "What's up, my nigga?" in Plaintiff's presence.

13. Although Plaintiff met the performance standards promulgated by Three L., for the employees like Plaintiff, the hostile work environment reduced Plaintiff's enthusiasm and outlook toward a meaningful and fulfilling career at Three L.,. The attitude and racial hostility spewed by Mr. Garza toward Plaintiff occurred notwithstanding Plaintiff's selection as Employee of the Year in 2021. What's more, the hostile work environment caused Plaintiff to have a heightened and apprehensive concern about what he might face or encounter each day at work.

14. Astonishingly, the offensive racial comments directed at Plaintiff regularly occurred, and despite Plaintiff's objections to his supervisor and others, the offensive racial comments continued.

15. The racial harassment toward Plaintiff was not isolated to his supervisor or co-workers, the racial hostility extended to the co-owner, Sean Kramer, when on or about September 28, 2021, he referred to Plaintiff as "bubba," although the other drivers were referred to by their names. Additionally, Plaintiff's supervisor, Mr. Garza, followed the employer's practice, when, on or about October 16, 2021, Mr. Garza referred to Plaintiff as "bubba," a name he did not use with other drivers.

16. Mr. Garza's discriminatory treatment of Plaintiff occurred on or about October 6, 2021, when Mr. Garza tried to get Plaintiff to charge a customer for fuel the customer did not receive. This was not an isolated event, when, on or about October 18, 2021, there was another instance wherein Mr. Garza tried to get Plaintiff to charge a customer for fuel the customer did not receive.

4

17. On or about October 18, 2021, Plaintiff complained about Mr. Garza and Mr. Kramer using and referring to Plaintiff with offensive and discriminatory names, like nigger and bubba. Specifically, Plaintiff reported and complained to Alexander Salazar, Vice President of Operations and Jennifer Johnson, Human Resources and Safety about the references to him as nigger and bubba. However, Three L., did not investigate Plaintiff's complaint or take affirmative remedial action. As a result, the next day, on or about October 19, 2021, Mr. Garza confronted Plaintiff about the complaint he filed against Mr. Garza. After this confrontation with Mr. Garza, Plaintiff reported this incident to Mr. Salazar, who too failed to investigate the matter or take appropriate effective action. Instead, Plaintiff was left to suffer retaliation from Mr. Garza.

18. The retaliation and discrimination by Mr. Garza took on various forms when, unlike the other drivers, on or about October 20, 2021, Mr. Garza delayed giving plaintiff his work assignments. He also delayed approving Plaintiff's leave request. Nearly a week later, on or about October 26, 2021, Mr. Garza instructed Plaintiff to deliver clear diesel fuel into a dyed diesel tank which would have contaminated the fuel. And when Plaintiff questioned Mr. Garza's instruction, Mr. Garza eventually sent out the correct fuel for the delivery.

19. To make matters worse, Mr. Garza engaged in a scheme to undermine Plaintiff's employment with unjustified write-ups. On or about November 3, 2021, Mr. Garza threatened Plaintiff that if he flushed out fuel, Plaintiff would "pay for it." This comment caused and placed Plaintiff in fear of his personal physical safety. Afterward, on or about November 22, 2021, Mr. Garza attempted to issue two write-ups to Plaintiff for allegedly not taking a certain route to deliver fuel and disobeying Mr. Garza's orders. Plaintiff immediately reported Mr. Garza's actions to Mr. Salazar as a form of retaliation for the October 18, 2021, complaint. Nonetheless,

Three L., did not take any effective action against Mr. Garza for his actions toward Plaintiff. Shortly thereafter, in December 2021, Mr. Garza called Plaintiff his "number one foot soldier."

20. On or about December 13, 2021, Mr. Garza informed Plaintiff that he would be off that day because work was slow, even though other fuel drivers were allowed to work that day. Despite Plaintiff's complaint to Mr. Salazar and Vanessa Barrera, no corrective action was taken to address Plaintiff's complaint. Instead, on or about December 20, 2021, Mr. Garza and Ms. Barrera attempted to force Plaintiff to sign a write up for two incidents that allegedly occurred on November 22, 2021, and accused Plaintiff of cross contaminating fuel on December 2, 2021, all of which Plaintiff denied. Nevertheless, on or about December 21, 2021, Plaintiff received a verbal warning. However, the next day, on or about December 22, 2021, unlike other fuel truck drivers, Plaintiff was required to take a random drug test in connection with the accusation of contaminating fuel, after which Mr. Garza displayed Plaintiff's drug test results for everyone to see. Furthermore, samples were taken from the location where Plaintiff had allegedly cross-contaminated and submitted for lab analysis on December 23, 2021. Oddly, without explanation, Mr. Garza submitted different fuel samples for analysis than the one attributable to Plaintiff's delivery.

21. Later, on or about December 28, 2021, without justification, Mr. Garza issued a write-up to Plaintiff allegedly for contaminating fuel on December 2, 2021, indicating on the Disciplinary Action Form that "Test samples came back Certificate of Analysis that the fuel was contaminated." And when Plaintiff refused to sign the write-up, he was suspended without pay. What's more, on December 28, 2021, Mr. Garza notified Plaintiff that he was terminated, even though other non-black fuel truck drivers contaminated fuel but were not disciplined like Plaintiff under similar circumstances or variations thereto.

## V. FIRST CAUSE OF ACTION

22. Plaintiff repeats, realleges and incorporates herein as part of his First Cause of Action paragraphs 1 through 21 of this Second Amended Original Complaint, inclusive and in their entirety, and further alleges:

23. he was a member of a protected class by reason of his race;

24. he suffered and adverse employment action;

25. he was qualified for the position; and

26. he was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees.

## VI. SECOND CAUSE OF ACTION

27. Plaintiff repeats, realleges and incorporates herein as part of his Second Cause of Action paragraphs 1 through 21 of this Second Amended Original Complaint, inclusive and in their entirety, and further alleges:

28. he was a member of a protected class by reason of his color;

29. he suffered and adverse employment action;

30. he was qualified for the position; and

31. he was replaced by someone outside the protected class or was treated differently than similarly situated, non-protected employees.

## VII. THIRD CAUSE OF ACTION

32. Plaintiff repeats, realleges and incorporates herein as part of his Third Cause of Action paragraphs 1 through 21 of this Plaintiff's Second Amended Original Complaint, inclusive and in their entirety, and further alleges:

33. Defendant engaged in retaliation toward Plaintiff. The retaliation against Plaintiff can be shown in the following manner:

34. Plaintiff was an employee who engaged in protected activity or conduct involving a discriminatory practice as it related to conduct covered under the law or participating in any manner in an investigation or protestation of proscribed conduct.

35. The Defendant took an adverse employment action against Plaintiff.

36. There is a causal connection between the protected activity and the adverse employment action.

## VIII. <u>FOURTH CAUSE OF ACTION</u>

37. Plaintiff repeats, realleges and incorporates herein as part of his Fourth Cause of Action paragraphs 1 through 21 of this Plaintiff's Second Amended Original Complaint, inclusive and in their entirety, and further alleges:

38. Plaintiff is a black male and a covered person as contemplated by 42 U.S.C. §1981.

39. Plaintiff was denied his right to make and enforce contracts and full and equal benefits as contemplated under 42 U.S.C. §1981 with respect to Plaintiff's employment with Defendant.

40. Plaintiff has been forced to work in a hostile environment on account of his race by the Defendant and as a result of Defendant's conduct, Plaintiff was damaged and sustained injuries consistent with those available under 42 U.S.C. §1981.

## IX. <u>FIFTH CAUSE OF ACTION</u>

41. Plaintiff repeats, realleges and incorporates herein as part of his Fifth Cause of Action paragraphs 1 through 21 of this Plaintiff's Second Amended Original Complaint, inclusive and in their entirety, and further alleges:

42. Plaintiff will show that Defendant retaliated against him in violation 42 U.S.C. §1981.

43. Plaintiff engaged in statutory protected activity.

44. Defendant took adverse employment action against Plaintiff.

45. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

## X. SIXTH CAUSE OF ACTION

46. Plaintiff repeats, realleges and incorporates herein as part of his Sixth Cause of Action paragraphs 1 through 21 of this Plaintiff's Second Amended Original Complaint, inclusive and in their entirety, and further alleges:

47. Defendant created a hostile work environment in violation of 42 U.S.C. §1981 and Plaintiff would show that the harassment was based upon the following:

48. The harassment was based on race.

49. The harassment was subjectively and objectively hostile.

50. The harassment was sufficiently severe or pervasive to interfere with Plaintiff's ability to perform his assigned duties.

## XI. SEVENTH CAUSE OF ACTION

51. Plaintiff repeats, realleges and incorporates herein as part of his Seventh Cause of Action paragraphs 1 through 21 of this Plaintiff's Second Amended Original Petition, inclusive and in their entirety, and further alleges:

52. Plaintiff is a black male and a covered person as contemplated by 42 U.S.C. §1981.

53. Plaintiff was denied his right to make and enforce contracts and full and equal benefits as contemplated under 42 U.S.C. §1981 with respect to Plaintiff's employment with Defendant.

54.     Plaintiff has been forced to work in a hostile environment on account of his race by the Defendant and as a result of Defendant's conduct, Plaintiff was damaged and sustained injuries consistent with those available under 42 U.S.C. §1981.

## XII. EIGHTH CAUSE OF ACTION

55.     Plaintiff repeats, realleges and incorporates herein as part of his Eighth Cause of Action paragraphs 1 through 21 of this Plaintiff's Second Amended Original Petition, inclusive and in their entirety, and further alleges:

56.     Plaintiff will show that Defendant retaliated against him in violation 42 U.S.C. §1981.

57.     Plaintiff engaged in statutory protected activity.

58.     Defendant took adverse employment action against Plaintiff.

59.     There is a causal connection between Plaintiff's protected activity and the adverse employment action.

## XIII. NINTH CAUSE OF ACTION

60.     Plaintiff repeats, realleges and incorporates herein as part of his Ninth Cause of Action paragraphs 1 through 21 of this Plaintiff's Second Amended Original Petition, inclusive and in their entirety, and further alleges:

61.     Defendant created a hostile work environment in violation of 42 U.S.C. §1981 and Plaintiff would show that the harassment was based upon the following:

62.     The harassment was based on race.

63.     The harassment was subjectively and objectively hostile.

64.     The harassment was sufficiently severe or pervasive to interfere with Plaintiff's ability to perform his assigned duties.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Plaintiff have judgment entered for the Plaintiff against Defendant for damages as follows:

1. Award Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-compensatory losses in an amount as provided by law, pursuant to §21.258 of the Texas Labor Code.

2. Award Plaintiff equitable relief, including back pay and benefits pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(g) et seq and 42 U.S.C. §1981a.

3. Award Plaintiff front pay pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-(f)(g).

4. Award Plaintiff damages for physical and mental pain and suffering, including compensatory and punitive damages in connection with those claims made herein pursuant to 42 U.S.C. §2000e, et seq and 42 U.S.C. §1981a(b).

5. Attorney's fees and costs as provided by 42 U.S.C. §2000e-5(k), 42 U.S.C. §1988.

6. Pre-judgment interest at the maximum rate allowed by law.

7. Interest at the rate allowed by law on the foregoing sums from the date of judgment until paid.

8. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF CHARLES C. SMITH, PLLC


/s/Charles C. Smith
Charles C. Smith
615 N. Upper Broadway, Suite 1710
Corpus Christi, Texas 78401
State Bar No.:  18550210
Admission No.: 4312
Telephone No.: (361) 883-1055
Facsimile No.:  (361) 883-4041
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Charles C. Smith, do hereby certify that on this the 24th day of August, 2023, a true and correct copy of foregoing *Plaintiff's Second Amended Original Complaint* has been forwarded to Defendant's attorney via the method listed below:

***Via U.S. Regular Mail***
***and Via E-mail: dquan@davidquanlaw.com***
Law Office of David J. Quan
Attn: David J. Quan
    Attorney at Law
5444 Westheimer Rd., Ste. 1700
Houston, Texas 77056

                                              /s/Charles C. Smith
                                              Charles C. Smith